IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| SYLVESTER EASON | § | |
| | § | |
| VS. | § | CIVIL ACTION NO.4:13-CV-715-O |
| | § | |
| STUART JENKINS, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Parole Division | § | |

OPINION and ORDER OF DISMISSAL UNDER
28 U.S.C. § 1915A(B)  and UNDER 28 U.S.C. §§ 1915(e)(2)(B)

This case is before the Court for review of pro-se plaintiff Sylvester Eason's pleadings under the screening provisions of 28 U.S.C. §§ 1915A and 1915(e)(2)(B).  Eason, presently released on parole, filed a form civil-rights complaint with attachment pages seeking relief under 42 U.S.C. § 1983.[1]  He names as defendant Stuart Jenkins, director, Texas Department of Criminal Justice, Parole division. (Compl. Style; § IV(B).) In response to a Court order, Eason has also filed a more definite statement. Eason seeks monetary damages, and he seeks to have this Court issue an order "to release me from parole as the facts and law warrants." (Compl. § VI; More Definite Statement (MDS) at 8.)

Plaintiff Eason asserts challenges in this case to his underlying December 4, 1985 conviction in cause number 0258736A in Criminal District Court Number One of Tarrant County, Texas for aggravated robbery with a deadly weapon.[2] Eason contends that the indictment was defective such that no jurisdiction was conferred upon the state trial court. (MDS at 4-5.) The only named defendant in this case is Stuart Jenkins, and in his complaint, and in his more definite statement filed in response

---

[1] "Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress." 42 U.S.C.A. § 1983 (West 2012).

[2] Eason long ago filed in this court petitions for writ of habeas corpus under 28 U.S.C. § 2254 challenging this conviction. *See Eason v. Collins,* No.4:90-CV-862-A (N.D. Tex. August 19, 1991 Order and Judgment dismissing petition for abuse of the writ); *Eason v. Lynaugh,* No.4:87-CV-624-K (N.D. Tex.  June 11, 1988 Order and Judgment denying petition). The Court takes judicial notice of the records of  this the Northern District of Texas in these cases.

to this Court's order to state Jenkins's involvement, Plaintiff recites only that "[Eason's] custody is illegal, unconstitutional, and a usurpation." (Compl. § IV(B); MDS at 6.)

A complaint filed in forma pauperis that lacks an arguable basis in law should be dismissed under 28 U.S.C. § 1915.[3] Under 28 U.S.C. § 1915(e)(2)(B), a district court retains broad discretion in determining at any time whether an in-forma-pauperis claim should be dismissed.[4] Furthermore, as a part of the Prison Litigation Reform Act, Congress enacted 28 U.S.C. § 1915A, which requires the Court to review a complaint from a prisoner seeking relief from a governmental entity or governmental officer or employee as soon as possible after docketing.[5] Consistent with § 1915A is prior case law recognizing that a district court is not required to await a responsive pleading to conduct its § 1915 inquiry.[6] Rather, § 1915 gives judges the power to "dismiss a claim based on an indisputably meritless legal theory."[7]

Eason names Jenkins by his title but does not actually state whether he seeks relief against Jenkins in his official capacity or his individual capacity. A claim against a defendant in an official capacity is actually reviewed as a suit against the governmental entity that employs the defendant.[8] As noted in a prior order, Jenkins is the Director of the Texas Department of Criminal Justice, Parole

---

[3] *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). Section 28 U.S.C. § 1915(e) *requires* dismissal not only when an allegation of poverty is untrue or the action is frivolous or malicious, but also when "the action . . . fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C.A. § 1915(e)(2)(A) and (B)(West 2006).

[4] *See* 28 U.S.C.A. § 1915(e)(2)(West 2006); *Adepegba v. Hammons,* 103 F.3d 383, 388 (5th Cir. 1996); *see also Wesson v. Oglesby,* 910 F.2d 278, 281 (5th Cir. 1990)(discussing authority to dismiss at any time under prior § 1915(d)), *abrogation on other grounds recognized, Mosser v. Haney,* No.3-03-CV-2260-B, 2005 WL 1421440, at *7 (N.D. Tex. June 17, 2005)).

[5] *See* 28 U.S.C.A. § 1915A(a)(West 2006).

[6] *See Schultea v. Wood,* 47 F.3d 1427, 1434 (5th Cir. 1995).

[7] *Id., citing Neitzke v. Williams,* 490 U.S. 319, 327 (1989).

[8] *Kentucky v. Graham*, 473 U.S. 159, 166 (1985).

division. In the absence of consent, the Eleventh Amendment bars federal lawsuits against a state or a state agency.[9] The Court of Appeals for the Fifth Circuit has expressly recognized that the Texas Department of Criminal Justice, as an instrumentality of the state, is immune from suit under the Eleventh Amendment.[10] Thus, any claims Eason asserts against Jenkins in his official capacity are barred by Eleventh Amendment immunity. Similarly, "[p]arole officers are entitled to absolute immunity from liability for their conduct in parole decisions and in the exercise of their decision-making powers."[11] Thus, to the extent Eason challenges any involvement by Jenkins in decisions related to his parole, Eason is entitled to absolute immunity.

Furthermore, and as an alternative basis for dismissal of all Eason's claims, the Court concludes that they are not cognizable under 42 U.S.C. § 1983. In *Heck v. Humphrey*,[12] the Supreme Court held that a claim that, in effect, attacks the constitutionality of a conviction or imprisonment is not cognizable under 42 U.S.C. § 1983 and does not accrue until that conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus."[13] Although the *Heck* opinion involved a bar to claims for monetary damages, a dismissal of a claim for injunctive and/or declaratory relief may also be made pursuant to *Heck*.[14]

---

[9] S*ee Seminole Tribe of Florida v. Florida,* 517 U.S. 44, 54 (1996); *see also Okpalobi, et al. v. Foster,* 244 F.3d 405, 411 (5th Cir. 2001)("[t]he eleventh Amendment bars suits by private citizens against a state in federal court, irrespective of the nature of the relief requested")(citing *Hutto v. Finney,* 437 U.S. 678, 700 (1978)).

[10] *Harris v. Angelina County, Texas,* 31 F.3d 331, 338 n. 7 (5th Cir. 1994)(citations omitted).

[11] *Bohannan v. Doe,* No. 12-10231, 2013 WL 2631197, at *14 (5th Cir. June 12, 2013)(quoting *Little v. Bd. of Pardons & Paroles Div.* 68 F.3d 122 (5th cir. 1995)(per curiam)).

[12] 512 U.S. 477, 486-87 (1994).

[13] *Heck,* 512 U.S. at 486-87; *see also Wells v. Bonner,* 45 F.3d 90, 94 (5th Cir. 1995).

[14] *See Reger v. Walker,* 312 F. App'x. 624, 625 (5th Cir. 2009)(noting that claims, "whether for damages, declaratory judgment, or injunctive relief" are not cognizable in a § 1983 action because they imply the invalidity of conviction); *see also Clarke v. Stadler,* 154 F.3d 186, 190-91 (5th Cir. 1998)(en banc)(holding that a claim for

Eason has not shown that he can satisfy having set aside his conviction, rather, his first federal petition for writ of habeas corpus challenging that conviction was denied and the subsequent petition was dismissed as an abuse of the writ.[15] Even though Eason acknowledges he is on parole, the *Heck* bar still applies.[16] Because Eason's claims challenge his conviction, and he has not shown that the conviction has been reversed or set aside in any of the manners listed, his claims for relief under 42 U.S.C. § 1983 are not cognizable under *Heck v. Humphrey,* and must be dismissed.

Therefore, all of Plaintiff's claims against defendant Jenkins are dismissed under the authority of 28 U.S.C. § 1915A(b)(2) and 28 U.S.C. § 1915(e)(2)(B)(iii).

Furthermore, and alternatively, all of Plaintiff's claims under 42 U.S.C. § 1983 are DISMISSED WITH PREJUDICE to their being asserted again until the *Heck v. Humphrey* conditions are met,[17] under the authority of 28 U.S.C. § 1915A(b)(1) and 28 U.S.C. § 1915(e)(2) (B)(i) and (ii),

SIGNED this 21st day of October 2013.

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**

---

prospective injunctive relief that would imply the invalidity of a prisoner's conviction may be dismissed without prejudice subject to the rule of *Heck v. Humphrey*).

[15] See footnote 2 *supra.*

[16] *See generally Randell v. Johnson,* 227 F.3d 300, 300-01 (5th Cir. 2000)(holding that an inmate who is no longer in custody and thus cannot file a habeas corpus petition is still bound by *Heck* and thus file a section 1983 suit seeking damages absent a showing that the conviction has been overturned or set aside).

[17] *See Johnson v. McElveen,* 101 F.3d 423, 424 (5th Cir. 1996).